IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

KATIE GONZALES,

    Plaintiff,

v.

COMMISSIONER SOCIAL SECURITY
ADMINISTRATION,

    Defendant.

3:16-CV-432-PK

OPINION AND
ORDER

---

PAPAK, Magistrate Judge:

    Plaintiff Katie Gonzales filed this action against defendant Commissioner of the Social Security Administration on March 9, 2016, seeking judicial review of the Commissioner's decision finding her not disabled for purposes of entitlement to disability insurance benefits

Page 1 - OPINION AND ORDER

("DIB") under Title II of the Social Security Act (the "Act") and to Supplemental Security Income ("SSI") under Title XVI of the Act. On June 5, 2017, I reversed the Commissioner's decision and remanded this matter for the calculation and payment of benefits. Gonzales moved unopposed for an award of attorney fees pursuant to the Equal Access to Justice Act (the "EAJA") on September 5, 2017, and I granted the motion the following day, September 6, 2017, authorizing award of fees to Gonzales' counsel pursuant to the EAJA in the amount of $8,671.63. Because Gonzales' petition for judicial review had previously been litigated partially successfully before Judge Brown, and because in connection with litigation before Judge Brown Gonzales' counsel had previously been awarded EAJA fees in the amount of $3,116.16, the total amount of EAJA fees received to date by Gonzales' counsel in connection with litigating Gonzales' petition is $11,787.79.

Now before the court is Gonzales' unopposed motion (#39), filed pursuant to 42 U.S.C. § 406(b), for approval of payment to her counsel out of her retroactive benefits award of $75,146.00 the amount of $18,786.50.[1] I have considered the motion and all of the evidence in the record. For the reasons set forth below, the motion is granted as discussed below, and payment to Gonzales' counsel of attorney fees in the requested amount less a deduction for attorney-attributable delay and less the amount of the EAJA fees already paid to counsel, or $6,937.56 (less any administrative deduction to be assessed by the Commissioner pursuant to 42 U.S.C. § 406(d)) is approved.

## ANALYSIS

Pursuant to 42 U.S.C. § 406(b), Gonzales' counsel seeks the court's approval of payment

---

[1] This amount represents precisely 25% of the retroactive benefits award.

to him of attorney fees out of Gonzales' retroactive benefits award in the amount of $18,786.50. This amount, as noted above, is precisely equal to the 25% contingency fee to which Gonzales' counsel is entitled pursuant to his fee agreement with Gonzales (which fee counsel has not yet received), but does not reflect any deduction from the contingency amount pursuant to 42 U.S.C. § 406(d) or payment to counsel of EAJA fees. Gonzales' counsel asserts that upon receipt of any award of Rule 406(b) fees, he will refund to Gonzales the amount of the EAJA fees previously received by him in connection with litigating Gonzales' claim.

Section 406(b) provides, in relevant part, as follows:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment. . . .

42 U.S.C. § 406(b)(1)(A). By contrast with fees awarded pursuant to the EAJA, a fee-shifting statute, Section 406(b) fees are paid out of the retroactive benefits awarded to the successful Social Security claimant. *See id.* Counsel representing Social Security claimants may not seek compensation from their clients for trial litigation other than through a Section 406(b) fee. *See id.* In the event that both an EAJA fee is awarded and a Section 406(b) fee payment is approved, the claimant's counsel must refund to the claimant the amount of the smaller of the two payments. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002). Any Section 406(b) fee must be approved by the court following analysis of its reasonableness before it may be paid. *See* 42 U.S.C. § 406(b)(1)(A).

In *Gisbrecht*, the Supreme Court established that the reasonableness of a Section 406(b) contingency fee is not to be determined primarily by reference to the lodestar method which

generally governs fee-shifting disputes. *See Gisbrecht*, 535 U.S. at 801-802. Instead, to the extent contingency fee agreements do not provide for fees exceeding 25% of claimants' retroactive benefits, their terms are fully enforceable subject only to the court's review "to assure that they yield reasonable results in particular cases." *Id.* at 807. It is the claimant's counsel's burden to establish the reasonableness of the calculated fee. *See id.*

In assessing the reasonableness of a Section 406(b) fee, courts look first to the contingency fee agreement itself, and then may reduce the resulting award "based on the character of the representation and the results the representative achieved." *Id.* at 808. The claimant's counsel bears the burden to establish the reasonableness of a Section 406(b) fee. *See id.* at 807.

The *Gisbrecht* court provided, as examples of circumstances that could justify a downward reduction, situations in which the attorney was responsible for delay or in which "the benefits are large in comparison to the amount of time counsel spent on the case." *Id.* The court specified that "the court may require the claimant's attorney to submit, not as a basis for satellite litigation, but as an aid to the court's assessment of the reasonableness of the fee yielded by the fee agreement, a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases." *Id., citing Rodriquez v. Bowen*, 865 F.2d 739, 741 (6th Cir. 1989) (*en banc*).

The Ninth Circuit's *en banc* decision in *Crawford v. Astrue*, 586 F.3d 1142 (9th Cir. 2009), applied the *Gisbrecht* reasonableness analysis. The *Crawford* court affirmed *Gisbrecht*'s holding that it is error to determine the reasonableness of a Section 406(b) fee by the metric of the lodestar method. *See Crawford*, 586 F.3d at 1150.

Here, Gonzales entered into a contingency fee agreement with her counsel providing for payment of 25% of her retroactive benefits to her attorney in the event of a favorable outcome following federal litigation. It therefore now falls to the court to assess whether $18,786.50 constitutes reasonable compensation for Gonzales' counsel in light of the factors discussed in *Gisbrecht* and *Crawford*.

### A. Character of the Representation

#### 1. Quality of Attorney Performance

As *Gisbrecht* and *Crawford* both make clear, substandard performance by a legal representative warrants a reduction in a Section 406(b) fee award. *See Gisbrecht*, 535 U.S. at 808; *Crawford*, 586 F.3d at 1151. Here, there is no indication in the record that Gonzales' counsel's representation of his client was in any way substandard. No reduction in the Section 406(b) fee is therefore warranted due to the character of counsel's legal representation.

#### 2. Dilatoriness

A Section 406(b) award may properly be reduced if any delay in proceedings is properly attributable to the claimant's counsel. *See Gisbrecht*, 535 U.S. at 808; *Crawford*, 586 F.3d at 1151. Here, Gonzales' counsel sought and received one 10-day extension of the deadline for filing the opening brief due to illness; the extension resulted in a nine-day extension of the under-advisement date of Gonzales' petition for judicial review. Although there was no impropriety whatsoever in seeking extension of court deadlines in order to accommodate challenges in counsel's workload management caused by illness, the extension did occasion delay in the final outcome of review proceedings for which Gonzales' attorney was responsible, warranting a commensurate reduction under *Gisbrecht*. Moreover, although there was nothing unreasonable

about Gonzales' request for extension, I find under the court's inherent authority and obligation to evaluate the reasonableness of fee awards, *see Gisbrecht*, 535 U.S. at 808, *see also Crawford*, 586 F.3d at 1149, that it would nevertheless be unreasonable for Gonzales' attorney to benefit financially at Gonzales' expense from any delay, of no matter what duration, caused by matters personal to the attorney.[2]

But for the attorney-attributable delay, Gonzales would have had nine fewer days of past-due benefits, and thus would have received benefits for those nine days without a deduction for attorney fees. Those nine days of benefits would have been compensated at a monthly rate of $815.30, and thus would have been compensated in the total amount of $244.59, 25 percent of which is $61.15. The requested Section 406(b) fee is therefore reduced by $61.15 on the basis of attorney-attributable delay.

### B. Proportionality of Benefits Awarded to Attorney Time Spent

The *Gisbrecht* and *Crawford* courts both held that a Section 406(b) award could be reduced if the benefits awarded to the Social Security claimant were out of proportion to the time spent by the claimant's attorney. *See Gisbrecht*, 535 U.S. at 808; *Crawford*, 586 F.3d at 1151. Although neither court's opinion provides significant guidance as to how to measure such disproportionality, *Gisbrecht* established, *see* 535 U.S. at 808, and *Crawford* affirmed, *see* 586 F.3d at 1151, that records of attorney time expended and a statement of the attorney's normal hourly fee in non-contingent matters could be considered in this connection, but only as an "aid" in assessing the reasonableness of the award provided in the contingency fee agreement.

---

[2] Where extension is sought due to the particular complexity of a case or for the purpose of facilitating settlement negotiations, attorney-requested extensions of time do not warrant reduction under *Gisbrecht*. However, those factors are not at issue here.

Page 6 - OPINION AND ORDER

As noted above, the *Gisbrecht* and *Crawford* courts made clear that the lodestar method is an inappropriate metric for determining the proportionality of Section 406(b) compensation. *See Gisbrecht*, 535 U.S. at 801-802; *Crawford*, 586 F.3d at 1150. Indeed, considered in isolation, the product of the lodestar calculation can at best be of extremely limited utility in assessing the reasonableness of a contingency fee. The lodestar method of calculating fees is designed for use under circumstances in which it is intended that an attorney be compensated strictly for time expended rather than on the basis of results achieved, milestones reached, or any of the myriad other bases on which clients may permissibly compensate their legal representatives, and where the probability of nonpayment is both low and unrelated to the attorney's ultimate success or failure. By contrast, the method authorized under Section 406(b) is one designed to compensate attorneys commensurately with results achieved, and to take into account the risk of failure, in which case no compensation is available. It follows that the fact (standing alone) that a fee calculated according to the lodestar method may differ from a fee calculated according to a contingency fee agreement is uninformative as to whether the contingency fee might be disproportionate.

In light of the reasoning of *Gisbrecht* and of *Crawford*, it is clear that the disproportionality analysis should not directly address the absolute amount of the requested Section 406(b) fee, since that fee is always a maximum of 25% of the retroactive benefits award, and must instead necessarily address primarily the effective requested hourly rate that may be back-derived by dividing the putative contingency award by the number of hours spent in pursuing it. Although that effective requested hourly rate cannot usefully be compared directly to a reasonable hourly fee to determine its proportionality, it is appropriate to posit that an effective

requested hourly rate is not disproportionately high if it is less than or equal to the product of a reasonable hourly rate for non-contingent matters and the reciprocal of the pre-litigation probability that litigation would lead to a favorable result, based on the particular facts presented in a given case.[3] That is, an effective requested hourly rate cannot be disproportionately high if it does not overcompensate an attorney for the risk that the attorney assumed (at the time the representation was undertaken) that the attorney would ultimately receive no compensation for his or her services. An attorney is not overcompensated for such risk if the pre-litigation expected value of the representation – the probability of a favorable result times the compensation that would be received in the event of a favorable result – does not exceed the product of the appropriate hourly rate and the expected number of hours required.

In addition to giving cognizable effect to the *Gisbrecht* court's suggestion that an attorney's normal hourly rate could bear materially on the disproportionality analysis, *see Gisbrecht*, 535 U.S. at 808, and to the *Crawford* court's suggestion that case-specific risk could be a material factor in assessing the reasonableness of a Section 406(b) fee, *see Crawford*, 586 F.3d at 1152-1153, measuring the relationship between a reasonable hourly fee for non-contingent matters and the effective requested hourly rate by reference to the case-specific risk of an unfavorable result has the benefit of providing a useful metric for assessing proportionality: a contingency fee award is disproportionately high where it disproportionately overcompensates for the pre-litigation risk of an unfavorable result. I therefore assess the proportionality of the fee

---

[3] Thus, if $100 were a reasonable hourly rate of compensation for non-contingent matters, an effective requested hourly rate would not be disproportionate in light of the risk a particular contingency matter presented if, *e.g.*, the probability of a favorable outcome was 25% (or a one in four chance) and the effective requested hourly rate did not exceed $400 (or four times the reasonable hourly rate).

Page 8 - OPINION AND ORDER

requested in this action to the time expended in litigation by reference to this risk-assessment metric.

Here, Gonzales' counsel offers evidence that Gonzales' attorneys expended a total of 61.4 hours in litigating Gonzales' petition for judicial review; this total includes time spent litigating before Judge Brown in 2013 and 2014, litigating the merits of Gonzales' petition before this court in 2016 and 2017, and preparing the motion for EAJA fees, but does not include time spent preparing the motion for Section 406(b) fees now before the court. Compensation for 61.4 hours of work in the amount of $18,725.35 (the total amount of compensation Gonzales' counsel seeks under both the EAJA and Section 406(b), as adjusted for attorney-attributable delay) in a non-contingency context would reflect an hourly rate of $304.97. Gonzales' counsel of record offers no evidence of his normal hourly rate, and in any event the record before the court does not establish that it was plaintiff's counsel of record, as opposed to another attorney or other attorneys employed by counsel's firm, that performed the legal services at issue. Although counsel's failure to provide the court with information regarding the experience and skill of the attorney or attorneys who performed work on behalf of Gonzales in litigating her petition for judicial review makes the court's reasonableness determination more challenging and less certain, on any reasonable assessment of the pre-litigation risk of an unfavorable outcome for Gonzales, I nevertheless find that the constructive hourly rate at which Gonzales' counsel seeks compensation establishes that counsel does not seek compensation in an amount disproportionate to the time spent in litigation, no matter what the experience and skill levels of Gonzales' attorneys. *See Crawford*, 586 F.3d at 1145-1153 (approving Rule 406(b) fees in an amount equivalent to a constructive hourly rate in excess of $1,000). For example, assuming that there

was at least a 50% chance of an unfavorable outcome on Gonzales' fee petition – and it is likely that a reasonable pre-litigation assessment of the risk of an unfavorable outcome would have exceeded 50% – the compensation requested here could not be disproportionate unless compensation in a non-contingency matter for Gonzales' attorneys would be unreasonable at an hourly rate of $152.49, and such constructive rate is sufficiently low to be manifestly reasonable for Portland-area practitioners. *See, e.g.*, Oregon State Bar 2017 Economic Survey, https://www.osbar.org/_docs/resources/Econsurveys/17EconomicSurvey.pdf; Oregon State Bar 2012 Economic Survey, https://www.osbar.org/_docs/resources/Econsurveys/12EconomicSurvey.pdf. I therefore conclude that reduction is not warranted in connection with the proportionality factor, taking into account case-specific risks and any reasonable assumption as to the appropriate normal hourly rate for non-contingent matters.

### C. Appropriate Fee

For the foregoing reasons, I find that the contingency fee agreement in place between Gonzales and her counsel is within the statutory limits provided in 29 U.S.C. § 406(b), and that the fee provided therein (less the reduction discussed above for attorney-attributable delay) is reasonable. The motion for approval of Section 406(b) fees is therefore granted, and payment to Gonzales' counsel of $6,937.56 (less any administrative deduction to be assessed by the Commissioner pursuant to 42 U.S.C. § 406(d)) from Gonzales' retroactive fee award is approved.

## CONCLUSION

For the reasons set forth above, the motion (#39) for approval of Section 406(b) attorney fees is granted, and payment to Gonzales' counsel of $6,937.56 (less any administrative

///

deduction to be assessed by the Commissioner pursuant to 42 U.S.C. § 406(d)) from Gonzales' retroactive benefits award is approved. [4]

Dated this 13th day of July, 2018.

*/s/ Paul Papak*
Honorable Paul Papak
United States Magistrate Judge

---

[4] Because the approved fee award includes a deduction for the EAJA fees already received by Gonzales' counsel, no refund to Gonzales of any amount of the Rule 406(b) fee award herein to reflect counsel's receipt of EAJA fees is required.

Page 11 - OPINION AND ORDER